## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                              **No. 10-329**

**MICHAEL STAFFORD**                                **SECTION I**

### ORDER AND REASONS

Before the Court is a pro se motion[1] filed by defendant, Michael Stafford ("Stafford"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed an opposition to Stafford's motion,[2] in response to which Stafford filed a supplemental memorandum.[3] For the following reasons, the motion is **DENIED** with respect to grounds one, two, and four, but the Court **DEFERS** ruling with respect to ground three pending an evidentiary hearing.

### BACKGROUND

On August 29, 2011, Stafford was charged in all counts of a 3-count bill of information.[4] Count 1 charged Stafford with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846.[5] Counts 2 and 3, which involved different

---

[1] R. Doc. No. 594.
[2] R. Doc. No. 604.
[3] R. Doc. No. 605.
[4] R. Doc. No. 47. Stafford was originally charged in counts 5 and 6 of a 6-count superseding indictment filed on January 14, 2011. R. Doc. No. 16. On June 24, 2011, Stafford was charged in counts 5 and 6 of a 7-count second superseding indictment. R. Doc. No. 31. Stafford waived his right to be charged by indictment on September 7, 2011, the same day that he entered a plea of guilty with respect to all counts of the 3-count bill of information. *See* R. Doc. No. 50. The Court dismissed the two superseding indictments. R. Doc. No. 603, at 16-18.
[5] R. Doc. No. 47, at 1.

dates, charged Stafford with knowingly and intentionally distributing a quantity of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[6]

On September 7, 2011, Stafford pleaded guilty to all three counts before U.S. District Judge Feldman.[7] Stafford entered into a plea agreement with the government[8] and admitted to a factual basis[9] that supported each element of the charged crimes.[10] Importantly, the plea agreement did not contain any agreement with respect to an appropriate sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.[11] On April 4, 2012, the above-captioned matter was transferred to U.S. District Judge Morgan.[12] On April 5, 2012, it was transferred to this Court.[13]

On November 8, 2012, after the Court granted several motions to continue sentencing by the government in order to determine whether Stafford could provide substantial assistance to the government,[14] Stafford was sentenced by this Court to a term of 135 months of imprisonment as to each count, to be served concurrently,[15] which was the top of the guideline range.[16]

On November 8, 2013, Stafford filed the pending motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging four different grounds for relief, as described below.[17] On February 7, 2014, the government filed a response in opposition to Stafford's motion.[18] On February 27,

---

[6] R. Doc. No. 47, at 2.
[7] *See* R. Doc. Nos. 51, 602.
[8] R. Doc. No. 49.
[9] R. Doc. No. 48.
[10] R. Doc. No. 602, at 21.
[11] *See* R. Doc. No. 49.
[12] R. Doc. No. 197.
[13] R. Doc. No. 198.
[14] R. Doc. Nos. 66, 177, 242, 256.
[15] R. Doc. No. 296, at 2.
[16] R. Doc. No. 603, at 9.
[17] R. Doc. No. 594.
[18] R. Doc. No. 604.

2014, Stafford filed a supplemental memorandum.[19] The government concedes that Stafford's motion was timely filed.[20]

## STANDARD OF LAW

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222-23 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

---

[19] R. Doc. No. 605. The memorandum's caption states that it is in opposition to the government's response. R. Doc. No. 605, at 1. However, to the extent that Stafford elaborates and expands upon his original petition, the Court construes the document as an amendment to his original petition. The government has not objected to the filing.
[20] R. Doc. No. 604, at 2.

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see also, e.g.*, *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

## DISCUSSION

The Court first considers grounds two, three, and four of Stafford's request for relief, and it considers ground one last.

### A.     Ground Two: *Alleyne v. United States*

Stafford's second asserted ground for relief is based on the argument that the U.S. Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), should be retroactively applied to his case.[21] However, the U.S. Court of Appeals for the Fifth Circuit has rejected this argument. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). "Likewise, *Alleyne*'s rule that 'facts that increase mandatory minimum sentences must be submitted to the jury' cannot help a defendant who admitted to those facts."[22] *United States v. Davis*, No. 07-357, 2013 WL 5674134, at *5 (E.D. La. Oct. 16, 2013) (Africk, J.) (quoting *Alleyne*, 133 S. Ct. at 2163). Accordingly, Stafford's second ground for relief is without merit.

---

[21] R. Doc. No. 594, at 5; *see also* R. Doc. No. 605, at 5-6.
[22] *See* discussion *infra* Part C.

### B.      Ground Three: Alleged Failure to File a Notice of Appeal

In his third ground for relief, Stafford asserts that his "Sixth Amendment right to effective assistance of counsel was violated" because his attorney failed to file a notice of appeal after being asked to do so.[23] Stafford states:

> Simply put, the Movant[] pleaded with the [Court-Appointed] Federal Public Defender to file[] [an] appeal on his behalf, and the Attorney acknowledged that he would – but [no] appeal was filed. Furthermore, when the Movant contacted the attorney, he advised that he would come to see the Movant regarding [the] appeal on his behalf, [but] the attorney never showed up to visit. Countless phone calls [have] been made to this attorney, but [no] one answers, period.[24]

On the final page of Stafford's petition, he signed a declaration that states, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct . . . ."[25]

The United States Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a two-part test that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 697.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, but for counsel's

---

[23] R. Doc. No. 594, at 7.
[24] R. Doc. No. 594, at 7; *see also* R. Doc. No. 605, at 6-7.
[25] R. Doc. No. 594, at 13.

unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of alleged trial errors, the petitioner must show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

The petitioner must satisfy both prongs of the Strickland test in order to be successful on an ineffective assistance claim. *See Strickland*, 466 U.S. at 697. A court is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

In the context of a failure to file an appeal, *Strickland*'s first prong "begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *United States v. Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). "'Consulting' is a term of art that means 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 478). "'If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" *Id.* at 323-24 (quoting *Flores-Ortega*, 528 U.S. at 478).

By alleging that he instructed counsel to file an appeal and that counsel failed to do so, Stafford has alleged facts sufficient, if proven by a preponderance of the evidence, to meet *Strickland*'s deficiency prong because "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-*

6

*Ortega*, 528 U.S. at 477. Furthermore, Stafford has also raised a question as to whether his attorney consulted with him regarding an appeal.[26]

With respect to counsel's failure to file an appeal, *Strickland*'s prejudice prong requires petitioner to show "a reasonable probability that, but for counsel's [deficient performance], he would have timely appealed." *Pham*, 722 F.3d at 324 (quoting *Flores-Ortega*, 528 U.S. at 484). "[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal . . . ." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *see also United States v. Higgins*, 459 F. App'x 412, 413 (5th Cir. 2012) (quoting *Tapp*, 491 F.3d at 266). Accordingly, like the deficiency analysis, the prejudice analysis for this claim will turn on whether petitioner can show by a preponderance of the evidence that he requested an appeal.

The government submitted an affidavit of Stafford's attorney at the time, Marion B. Farmer, in which he states: "At no time did Mr. Stafford request that an Appeal be made from his sentence that he received on November 8, 2012, before [this Court]. Counsel has gone through his entire file and found no indication that Mr. Stafford was requesting an Appeal be made in connection with this matter."[27] Farmer's affidavit does not describe any particular consultation with Stafford regarding an appeal.[28] The government contends, without citation to authority, that "Stafford's bare assertions alone do not support a finding that he instructed Mr. Farmer to file an

---

[26] R. Doc. No. 594, at 7.
[27] R. Doc. No. 604-1, at 1.
[28] *See* R. Doc. No. 604-1, at 1.

appeal. Further, a rational defendant, like Stafford, would normally not want to appeal a matter when he avoided the imposition of the statutory maximum penalty of life imprisonment."[29]

Stafford's "unsworn declaration, made under penalty of perjury, carrie[s] the same 'force and effect'" as an affidavit and is competent evidence supporting his claim. *United States v. Pena-Garavito*, 539 F. App'x 506, 507 (5th Cir. 2013); *United States v. Ryan*, 215 F. App'x 331, 332 (5th Cir. 2007); *see also* 28 U.S.C. § 1746. Because the Court is confronted with conflicting declarations from Stafford and his attorney, "the record fails to conclusively establish that [Stafford] did not instruct counsel to file a notice of appeal." *Pena-Garavito*, 539 F. App'x at 507. Accordingly, an evidentiary hearing is required as to this ground.

## C.     Ground Four: Sufficiency of the Bill of Information

In his fourth asserted ground for relief, Stafford asserts that "the Indictment in his case was invalid, and [the] bill of particular[s] cannot cure the defect, because the indictment failed to contain every essential element" of the offense, specifically the drug quantities.[30] Although Stafford was originally charged in two superseding indictments, Stafford was subsequently charged by a bill of information,[31] and he properly waived his right to be prosecuted by indictment.[32] The Court dismissed the two superseding indictments,[33] and Stafford does not argue that his waiver of indictment was not knowing or voluntary. Accordingly, the Court addresses the sufficiency of the bill of information.

Stafford is really contending that the drug quantities were not charged in the bill of information. With respect to count 1, the bill of information charges that the conspiracy was

---

[29] R. Doc. No. 604, at 10.
[30] R. Doc. No. 594, at 8.
[31] R. Doc. No. 47.
[32] R. Doc. No. 50.
[33] R. Doc. No. 603, at 16-18.

directed to "two-hundred and eighty grams or more of cocaine base ('crack')."[34] This amount corresponds to subsection (iii) of 21 U.S.C. § 841(b)(1)(A), the penalties provision charged in count 1.[35] *Id.* § 841(b)(1)(A)(iii) ("In the case of a violation of subsection (a) of this section involving . . . (iii) 280 grams or more of a mixture or substance . . . which contains cocaine base . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .").

Counts 2 and 3 refer only to "a quantity of cocaine base ('crack')."[36] This corresponds to § 841(b)(1)(C), the penalties provision charged in counts 2 and 3,[37] which does not require that any particular quantity be shown or proven. *Id.* § 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II, . . . such person shall be sentenced to a term of imprisonment of not more than 20 years . . . .").

Stafford signed and admitted to a factual basis in which he admits that he "conspired to distribute more than two-hundred eight (280) grams of cocaine base (crack) with numerous persons."[38] Stafford also admitted that, on September 2, 2010, he sold "2.17 net grams of crack cocaine" to a confidential information ("CI") who worked for the FBI[39] as charged in count 2 of

---

[34] R. Doc. No. 47, at 1.
[35] R. Doc. No. 47, at 1.
[36] R. Doc. No. 47, at 2.
[37] R. Doc. No. 47, at 2.
[38] R. Doc. No. 48, at 1. Stafford was also advised at his rearraignment that "the government would have to prove . . . that you and at least one other person got together and agreed to possess with the intent to distribute and to distribute crack cocaine *in the amount of at least 280 or more grams*." R. Doc. No. 602, at 10 (emphasis added). When asked if he understood the elements of count 1, Stafford replied, "Yes, sir." R. Doc. No. 602, at 10.
[39] R. Doc. No. 48, at 2.

the bill of information.[40] Stafford further admitted that, on September 21, 2010, he sold "2.55 net grams of crack cocaine"[41] to the same CI[42] as charged in count 3 of the bill of information.[43]

The Court finds that the bill of information properly charged the drug quantities for the offenses to which Stafford pleaded guilty and that Stafford admitted to those quantities in a knowing and voluntary factual basis.[44] Accordingly, Stafford's fourth ground for relief is without merit.

### D.      Ground One: Voluntariness of the Guilty Plea

Ground one of Stafford's petition is difficult to interpret. As written, the introductory sentence to ground one states, "The Movant[] contend[s] that his guilty plea was entered involuntar[ily] in violation of the Fifth Amendment['s] Due Process Clause based upon the Judge judicial [sic] factual determination under [an] unconstitutional standard of proof which increased the Movant's minimum mandatory sentence."[45] Stafford alludes to his arguments in grounds two[46] and four[47] and concludes, "In other words, [Stafford] contends that[] he would not ha[ve] accepted the plea he otherwise ended up accepting."[48] To the extent that Stafford reasserts

---

[40] R. Doc. No. 47, at 2.

[41] R. Doc. No. 48, at 3.

[42] R. Doc. No. 48, at 2-3.

[43] R. Doc. No. 47, at 2.

[44] The Court also notes that it overruled Stafford's objection at sentencing to the use of the 280 gram quantity for the purpose of calculating sentencing guidelines. R. Doc. No. 603, at 6-7. This Court noted: "Stafford pled guilty to conspiracy to distribute and possess with intent to distribute between 280 to 500 grams of cocaine base or crack. In the factual basis supporting the plea Stafford admitted responsibility for participating in the conspiracy to distribute and to possess with the intent to distribute 280 grams or more of cocaine base or crack." R. Doc. No. 603, at 7.

[45] R. Doc. No. 594, at 4 (errors and alterations original).

[46] Stafford refers to an unspecified "unconstitutional sentencing scheme," and he asserts that the Court made unconstitutional factual findings. R. Doc. No. 594, at 4.

[47] Stafford states that "his minimum mandatory sentence was increased based upon drug quantities that [were] not charged in the Indictment nor admitted by him when he elected to plead guilty." R. Doc. No. 594, at 4.

[48] R. Doc. No. 594, at 4.

his arguments from grounds two and four and recasts them as affecting the voluntariness of his plea, such arguments are rejected for the above reasons.

Stafford's supplemental memorandum further explains and amends his allegations with respect to ground one. Stafford asserts that the Court "did not compl[y] with Federal Rules of Criminal Procedure[] 11(b)(1)(h)(i) [sic] because the Defendant Stafford was not sentence[d] to ten (10) years mandatory minimum as explained to him by his attorney[], the Government and Judge."[49] Stafford further contends that "he is lawfully entitled to seek specific performance of [the] plea agreement on grounds that [the] Government breached the agreement by advocat[ing] for [a] higher 135 month[] term of imprisonment than [the] ten (10) years mandatory minimum term of imprisonment[,] which he understood he would receive if he pled guilty."[50]

The Court addresses each of these additional arguments in turn.

### 1. *Rule 11 Plea Colloquy*

Rule 11(b)(1) of the Federal Rules of Criminal Procedure lists a number of rights and consequences which the Court must ensure that any defendant understands before it accepts a plea of guilty or nolo contendere. Rule 11(b)(1)(H) requires the Court to advise the defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Rule 11(b)(1)(I) requires the Court to advise the defendant of "any mandatory minimum penalty."

On September 7, 2011, at Stafford's rearraignment,[51] the Court informed Stafford as required by Rule 11.[52] The Court made sure that Stafford understood that he could receive the

---

[49] R. Doc. No. 605, at 2.
[50] R. Doc. No. 605, at 5.
[51] Stafford's rearraignment was before U.S. District Judge Feldman. R. Doc. No. 602, at 1.
[52] The transcript reads:

maximum sentence allowed by law.[53] The Court advised Stafford that it was required to consider the sentencing guidelines, which Stafford indicated he understood.[54] Stafford confirmed that no one had ever told him what sentence he might receive if he pleaded guilty.[55]

Later, counsel for the government, Duane Evans, explained to Stafford that the government may, but was not bound to, request a reduction to Stafford's sentence in the event that he "provide[d] substantial assistance to the government."[56] The Court reiterated that Stafford faced a mandatory minimum sentence:

> THE COURT: Now, the maximum sentence which the Court could impose upon you, Mr. Stafford, whether you plead guilty or if you go to trial and are found guilty, is as follows:
>
> As to Count 1, the conspiracy count, you could receive a maximum sentence of life in prison, a fine of $10,000, at least five years supervised release, and a mandatory special assessment of $100. As to Count 1 there is a mandatory minimum sentence of 10 years in prison. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: As to Counts 2 and 3, the distribution counts, the Court could impose a maximum sentence of up to 20 years in prison, a fine of up to $3 million, up to three years supervised release, and another special assessment of $100.
>
> I want you to understand that the maximum sentence permitted by law could be imposed upon you whether you plead guilty here today or whether you go to trial and are found guilty. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

[53] R. Doc. No. 602, at 5-6. The transcript reads:

> THE COURT: Do you understand that even if I accept your guilty plea, the Court could impose the maximum sentence permitted by law that I have just explained to you?
>
> THE DEFENDANT: Yes, sir.

R. Doc. No. 602, at 6.

[54] R. Doc. No. 602, at 7.

[55] The transcript reads:

> THE COURT: Other than what I have explained to you here in court so far this afternoon, has anyone, including your attorney, told you what sentence you might receive if I decide to accept your guilty plea?
>
> THE DEFENDANT: No, sir.

R. Doc. No. 602, at 12.

[56] R. Doc. No. 602, at 14.

THE COURT: . . . Mr. Evans, I want him to also understand that there's apparently a mandatory minimum. Did you mention that?

MR. EVANS: No, I did not, Your Honor.

THE COURT: There is a mandatory minimum sentence of 20 years --

MR. EVANS: 10 years.

THE COURT: 10 years. Sorry. 10 years; is that right?

MR. EVANS: As to Count 1, yes, Your Honor.

THE COURT: Now, depending on your background, your history, circumstances of your crime, I might still be bound to impose at least a 10-year sentence on you. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: The chances of you receiving less than ten years are very slim. I want you to understand that.

THE DEFENDANT: Yes, sir.

THE COURT: That doesn't mean that you're not expected to cooperate with the government. Depending on the nature of your cooperation, the government might ask the Court to go below that, but that doesn't mean that I will. I might still impose at least the mandatory minimum sentence of 10 years. Do you understand that?

THE DEFENDANT: Yes, sir.[57]

Finally, just before adjudging Stafford guilty, the Court again explained the sentence that he faced and reiterated that Stafford could receive the maximum sentence.[58]

The rearraignment transcript makes clear that the Court fully satisfied the requirements of Rule 11. Stafford indicated his understanding throughout the proceeding. Accordingly, Stafford's challenge to the Court's compliance with Rule 11 is without merit.

2.     *Alleged Guarantee of Ten Years*

Stafford also asserts that he was guaranteed a sentence of ten years and that the government breached the plea agreement by advocating for a higher sentence.[59] The plea

---

[57] R. Doc. No. 602, at 15-16.

[58] The transcript reads:

THE COURT: Also I want you to understand that although plea agreements are perfectly proper, they are not binding on the Court. After looking into your background, the circumstances of your crime, all other relevant factors, if I decide that the appropriate sentence is the maximum sentence permitted by law, I will impose the maximum sentence on you. Do you understand that?

THE DEFENDANT: Yes, I do.

R. Doc. No. 602, at 20.

agreement explains the mandatory minimum penalty[60] and a declaration that Stafford "understands the Court could impose the maximum term of imprisonment and fine allowed by law."[61] The plea agreement does not contain any mention of an agreement as to a specific sentence pursuant to Rule 11(c)(1)(C), and neither counsel for the government nor Stafford's counsel mentioned anything regarding an agreement as to sentence at his sentencing proceeding.[62] However, despite the ample record evidence to the contrary, Stafford contends that it was "explained to him by his attorney[], the Government and Judge during the Rule 11 [plea] colloquy" that he would receive the minimum sentence of ten years.[63]

"A defendant who seeks to prevail on a claim that his plea was involuntary due to counsel's representations concerning the sentence he would receive must show that his plea was motivated by an 'actual promise.'" *United States v. Fernandez*, 317 F. App'x 388, 390 (5th Cir. 2009) (quoting *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986)). "To prevail on the theory of an actual promise, the petitioner must prove: (1) the exact terms of the promise; (2) exactly when, where, and by whom the promise was made; and (3) 'the precise identity of an eyewitness to the promise.'" *Id.* (quoting *Smith*, 786 F.2d at 701). "Significantly, a guilty plea is not rendered involuntary simply because a defendant misunderstood his defense counsel's inaccurate prediction that a lesser sentence would be imposed[.]" *United States v. Lewis*, No. 07-428, 2012 WL 368712, at *5 (E.D. La. Feb. 3, 2012) (Feldman, J.). "[I]f the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense

---

[59] R. Doc. No. 605, at 5.
[60] R. Doc. No. 49, at 1.
[61] R. Doc. No. 49, at 3.
[62] *See, e.g.*, R. Doc. No. 603, at 9-10 ("THE COURT: And his statutory minimum [is] 120 months, is that correct? MR. EVANS: That is correct, Your Honor. THE COURT: All right. You agree with that, Mr. Farmer? MR. FARMER: Yes, sir, I do.").
[63] R. Doc. No. 605, at 2.

counsel, the guilty plea stands." *Fernandez*, 317 F. App'x at 390 (quoting *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002)).

Stafford has only provided his unsubstantiated assertion that "he understood he would receive" a ten year sentence.[64] However, at his rearraignment, Stafford advised the Court that nobody had ever told him what sentence he might receive.[65] Unlike the notice of appeal issue, which requires an evidentiary hearing, the record in this case indicates that there was no agreement that Stafford would receive the minimum sentence, and Stafford has provided nothing other than a bare allegation to rebut that evidence. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) ("'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' . . . If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1998)). Accordingly, Stafford's assertion that he was guaranteed a ten-year sentence is without merit, and this ground can be dismissed without an evidentiary hearing.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED** with respects to grounds one, two, and four as described above.

---

[64] R. Doc. No. 605, at 5. For example, Stafford has not submitted any affidavits or declarations of any witnesses or described any specific conversations to support his allegation of a promise by defense counsel. *Cf. Cervantes*, 132 F.2d at 1110-11.
[65] R. Doc. No. 602, at 12 ("THE COURT: Other than what I have explained to you here in court so far this afternoon, has anyone, including your attorney, told you what sentence you might receive if I decide to accept your guilty plea? THE DEFENDANT: No, sir.").

**IT IS FURTHER ORDERED** that the Court **DEFERS** ruling on the motion, pending an evidentiary hearing, with respect to ground three as described above.

**IT IS FURTHER ORDERED** that the Federal Public Defender is enrolled as counsel of record to assist Stafford with the evidentiary hearing.

**IT IS FURTHER ORDERED** that a status conference is scheduled for **Wednesday, March 26, 2014, at 9:45 a.m.**, to discuss the date of the evidentiary hearing.

New Orleans, Louisiana, March 17, 2014.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**