## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                              **No. 10-329**

**MICHAEL STAFFORD**                                  **SECTION I**

### ORDER & REASONS

Before the Court is defendant Michael Stafford's motion[1] for early termination of supervised release.  The government filed a response[2] in which it did not oppose the motion.  For the following reasons, the Court grants Stafford's request.

### I.

Stafford pleaded guilty on September 7, 2011 to conspiracy to distribute cocaine base and two counts of cocaine base distribution.[3]  On November 8, 2012, the Court sentenced Stafford to a term of imprisonment of 135 months to be followed by a period of 5 years of supervised release for each distribution count, to run concurrently.[4]  The Bureau of Prisons released Stafford, and he began supervised

---

[1] R. Doc. No. 798.
[2] R. Doc. No. 802.
[3] R. Doc. No. 52.
[4] R. Doc. No. 296.  The Court subsequently reduced Stafford's term of imprisonment to 120 months pursuant to 18 U.S.C. § 3582(c)(2) based on an amended guideline range.  *See* R. Doc. No. 646.

release on January 4, 2019.[5]  Stafford's term of supervised release is currently scheduled to expire on January 3, 2024.[6]

In response to Stafford's motion, the government solicited the views of the U.S. Probation Officers responsible for Stafford's case.[7]  "Both wholeheartedly agreed" that Stafford "has been very compliant" and "adjusted well to community supervision."[8]  The government confirms that, following his release from prison, Stafford has maintained contact with the U.S. Probation Office and employment.[9]  He has not been arrested or tested positive for drugs.[10]  He has paid the special assessment fee, and he has completed anger management treatment.[11]  Further, according to the U.S. Probation Office, Stafford has maintained a suitable residence with his wife, and he has a positive support system.[12]  Given those circumstances, the U.S. Probation Office and the U.S. Attorney's Office have advised that they do not object to Stafford's motion.[13]

## II.

A court may terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the

---

[5] R. Doc. No. 802, at 1.  Stafford began supervised release in the Eastern District of Louisiana.  He subsequently moved and continued supervision in the Middle District of Louisiana.  *Id.*
[6] *Id.*
[7] R. Doc. No. 802, at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] R. Doc. No. 802, at 1–3.

court is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). Before doing so, the court must consider the appropriate factors set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). Among the factors a court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to afford adequate deterrence to criminal activity, the need to protect the public from further crimes of the defendant, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. *Id.* § 3553(a). Section 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

### III.

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination is warranted by Stafford's positive conduct and the interest of justice. Stafford offers several reasons, including the positive influence of his new marriage, and the financial commitments of recently buying a home and starting a business.[14] Stafford explains that, after losing a prior job because of the coronavirus pandemic, he started his own business, S&M Fast Track Trucking, LLC.[15] Stafford recounts that his wife also works in the business as a dispatcher for other drivers;

---

[14] R. Doc. No. 798, at 1.

[15] *Id.* *See also* R. Doc. No. 798-1, at 2–3 (Louisiana Secretary of State approval documents for S&M Fast Track Trucking, LLC).

and Stafford is in the process of obtaining his commercial driver's license.[16]  He seeks to become a full-time truck driver.[17]  Additionally, Stafford has successfully complied with the terms of his supervised release for almost three years, so he fulfils all the required criteria for early termination.  *See* 18 U.S.C. § 3583(e)(1).

## IV.

Accordingly,

**IT IS ORDERED** that Stafford's motion[18] for early termination of supervised release is **GRANTED**.  Stafford's period of supervised released is **TERMINATED** and he is **DISCHARGED** from further supervision.

New Orleans, Louisiana, September 17, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. No. 798, at 1.
[17] *Id.*
[18] R. Doc. No. 798.